## In re NIVEN.
### Patent Appeal No. 3046.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

W. W. Harris, of Detroit, Mich. (Clarence B. Zewadski, of Detroit, Mich., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, refusing to allow claims 9 to 14, inclusive, of his application for a patent, of which claim 9 is typical and reads:

"9. The combination with an internal combustion engine having a plurality of aligned cylinders, pistons operable within the respective cylinders, a single sleeve valve between each piston and associated cylinder having a combined oscillating and reciprocating movement with respect to the sleeve and cylinder axes, and a crankshaft driven by the pistons of a sleeve driving link extending longitudinally of the crankshaft axis and positioned to one side of the plane of the sleeve and cylinder axes, driving means between the crankshaft and link for moving the link in a plane parallel with the plane of the cylinder and sleeve axes whereby the link occupies successive parallel positions, and means spaced longitudinally of the link connecting the link and respective sleeves for imparting to the sleeves the aforesaid movement."

Claims 1 to 3, inclusive, were canceled. Claims 4 to 8, inclusive, were allowed.

The references relied upon are: Delahaye (French), 431,722, November 18, 1911; Tone, 1,300,518, April 15, 1919; Lafitte, 1,537,832, May 12, 1925.

The claimed invention relates to internal combustion engines. The sleeve valves in multiple of the engines are given a combined axial reciprocation and oscillation by use of a single operator common to all the valves; the oscillater being in the form of a link connected with the crank pins at each cylinder of the engine. Appellant's device maintains the sleeve valves in correct relative timing, and it is claimed that it simplifies and reduces the engine cost. A modified form shown in appellant's disclosure has three driving links instead of one, and co-operates with eccentrics rather than with crank pins. The eccentrics are displaced at such an angle that dead center conditions are avoided.

The Board of Appeals was of the opinion that there was nothing inventive shown in appellant's disclosure over that which was shown in the prior art cited.

The French patent to Delahaye relates to a system of distribution for combustion motors involving substantially the same elements as are shown in appellant's disclosure except that the discs which revolve in unison contain sprockets over which passes a single chain. Appellant has substituted a link drive for the endless chain drive.

The Board pointed out that Tone and Lafitte each showed the equivalent of appellant's link. Appellant's argument is that the general chain sprocket wear results in loss of timed motion. The Board was of the opinion that the substituting of the elements which were old in Tone and Lafitte for the general chain sprocket member in Delahaye did not require invention.

It is admitted by the Solicitor for the Patent Office that better results have been obtained by appellant than were possible to obtain by use of either of the old single devices. The Solicitor has also pointed out that in the ordinary locomotive engine a connection in the form of a bar connects all the wheels on one side so as to make the wheels turn in unison, and that such connections are old in many structures.

The Board cited Smith v. Nichols, 21 Wall. 112, 119, 22 L. Ed. 566, and quoted therefrom as follows:

"But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent."

Appellant does not contend that his disclosure shows any single new element, but contends that the combination of old elements has produced a result never obtained before; that he has made an improvement which was unobvious, and now has produced an operative device which eliminates many of the defects which made the devices of the old art impracticable. He claims, therefore, to have brought himself under the line of cases which holds, in substance, that a combination of old elements which obtains an old result in a more facile, economical, and efficient way should be protected by a patent, citing Kryptok Co. v. Stead Lens Co. (D. C.) 207 F. 85; Carnes Artificial Limb Co. v. Dilworth Arm Co. (D. C.) 273 F. 838; Nelson Mfg. Co. v. Myers & Bro. Co. (C. C. A.) 25 F.(2d) 659; and numerous other decisions to the same effect.

When the case relied upon by the Board, and other cases to the same import by this and other courts, and the authorities relied upon by the appellant, are carefully considered, it is at once apparent that there is no conflict between them. It is well settled that the first one to assemble old elements which, when joined together, produce the old result but in a much improved and more economical way, may be entitled to a patent. Much depends upon the nature of the device under consideration, the character and degree of improvement made, and more particularly upon the consideration of whether or not it would be obvious to the skilled mechanic to make such a combination in order to produce such an improved result. It is true, as pointed out by appellant, that the courts have frequently sustained patents granted for the assembly of various elements old in the art in the production of an improved machine. In each instance, however, invention was present. Carnes Artificial Limb Co. v. Dilworth Arm Co., supra; Kinloch Tel. Co. v. Western Elec. Co. (C. C. A.) 113 F. 659.

The particular feature which is the essence of appellant's claimed invention is the link which causes the sleeves to work in unison. No doubt it is rigid, durable, and better performs the same function performed by the sprocket and chain, but it does not seem to us that it would require anything more than mechanical skill to substitute the link for the chain, especially when we observe that the link idea is not only old in the art shown in the record, but is old in many mechanical contrivances which are familiar even to those who are unschooled in the art.

It is not clear to us that the Board was in error in the rejection of the claims, and its decision is affirmed.

Affirmed.